UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

FRANCIS LARA,

          Petitioner,

    v.

IMMIGRATION AND CUSTOMS
ENFORCEMENT FIELD OFFICE
DIRECTOR; and BRUCE SCOTT,[1]

          Respondents.

C26-0747 TSZ

ORDER

THIS MATTER comes before the Court on a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241, docket no. 5.  Having reviewed all papers filed in support of, and in opposition to, the petition, the Court enters the following Order.

**Background**

Petitioner Francis Lara is a citizen of the Republic of Honduras who has been in U.S. Department of Homeland Security ("DHS") Immigration and Customs Enforcement ("ICE") custody since October 24, 2024.  *See* Sica Decl. at ¶¶ 3 & 13 (docket no. 9).

---

[1] The proper respondent for a petition brought under 28 U.S.C. § 2241 is "the person who has custody over" the petitioner.  *See* *Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (citing 28 U.S.C. §§ 2242 & 2243); *Doe v. Garland*, 109 F.4th 1188, 1197 (9th Cir. 2024).  The Clerk is DIRECTED to add facility warden Bruce Scott as a respondent.

ORDER - 1

Petitioner is a member of the class certified in *Franco-Gonzales v. Napolitano*, No. CV 10-2211, 2011 WL 11705815 (C.D. Cal. Nov. 21, 2011), which includes:

> Class:  All individuals who are or will be in DHS custody for removal proceedings in California, Arizona, and Washington who have been identified by or to medical personnel, DHS, or an Immigration Judge, as having a serious mental disorder or defect that may render them incompetent to represent themselves in detention or removal proceedings, and who presently lack counsel in their detention or removal proceedings.

*Id.* at *16.  The Class has two subclasses:

> Sub–Class 1:  Individuals in the Class "who have a serious mental disorder or defect that renders them incompetent to represent themselves in detention or removal proceedings."

> Sub–Class 2:  Individuals in the Class "who have been detained for more than six months."

*Id.*  Pursuant to a permanent injunction that remains in effect, members of Sub–Class 1 are entitled to "Qualified Representatives who are willing and able to represent them during all phases of their immigration proceedings," and newly detained members of Sub–Class 2 are entitled to a bond hearing within 180 days after being identified.  *See Franco-Gonzalez v. Holder*, No. CV 10-2211, 2013 WL 8115423, at *1–2 (C.D. Cal. Apr. 23, 2013).

On November 5, 2025, after an immigration judge had ordered petitioner removed to Honduras,[2] and after she had been in custody for over a year, DHS notified the

---

[2] Petitioner was granted asylum on June 3, 2003, but after petitioner was convicted in 2019 of a federal controlled-substance offense, removal proceedings were reopened to determine whether her asylee status should be terminated.  *See* Sica Decl. at ¶¶ 9, 10, & 14–16 (docket no. 9); *see also* Exs. B & E to Steveson Decl. (docket nos. 10-2 & 10-5).  On October 29, 2025, the immigration judge ordered petitioner removed to Honduras.  *See* Sica Decl. at ¶ 21 (docket no. 9); Ex. F to Steveson Decl. (docket no. 10-6).

ORDER - 2

Immigration Court in Tacoma, Washington that petitioner is a member of the *Franco-Gonzalez* Class.  *See* Ex. G to Steveson Decl. (docket no. 10-7).  On DHS's motion, petitioner's removal proceedings were reopened, *see* Sica Decl. at ¶ 24 (docket no. 9), and on December 2, 2025, an immigration judge conducted a *Franco-Gonzalez* bond hearing, at which petitioner appeared pro se, and denied conditional release on the grounds that petitioner posed a danger to the community and a flight risk, *see id.* at ¶ 25. The Court has not been provided with (i) a copy of the immigration judge's bond-denial order or a transcript of the proceeding, (ii) information about the nature of petitioner's mental disorder or defect, or (iii) any indication that petitioner's competency was reassessed after DHS's *Franco-Gonzalez* notice was filed with the Immigration Court and before the bond hearing to determine whether petitioner was entitled to a Qualified Representative at the bond hearing, *see* 2013 WL 8115423, at *2, ¶ 7.

On December 10, 2025, a judicial competency inquiry began in the Immigration Court.  *Id.* at ¶ 26.  On January 22, 2026, petitioner was deemed competent to represent herself.  *Id.* at ¶ 28.  No copy of the immigration judge's order or transcript of the judicial competency inquiry has been provided to the Court.  *See Franco-Gonzalez v. Holder*, No. CV-10-2211, 2014 WL 5475097, at *9 (C.D. Cal. Oct. 29, 2014) (requiring that judicial competency inquiries be recorded and that the immigration judge state on the record the reasoning supporting a finding of competence or incompetence).

On March 2, 2026, petitioner commenced this habeas action by filing an application for leave to proceed *in forma pauperis* ("IFP").  *See* IFP Appl. (docket no. 1). The IFP application was granted, *see* Minute Order (docket no. 4), and the habeas

ORDER - 3

petition, docket no. 5, was docketed on March 20, 2026.  On March 25, 2026, petitioner appeared pro se in the Immigration Court for a merits hearing, but as a result of technical difficulties, the hearing was adjourned to April 21, 2026.  *See* Sica Decl. at ¶ 31 (docket no. 9).

**Discussion**

To ensure that petitioner is provided all the benefits available to the *Franco-Gonzalez* Class, the Court hereby ORDERS as follows:

(1)    Northwest Immigrant Rights Project ("NIRP"), which was among the counsel of record for the Class in *Franco-Gonzalez*, is requested to consult with petitioner and to advise the Court by April 30, 2026, whether it will seek appointment in this case pursuant to 18 U.S.C. § 3006A(a)(2)(B);

(2)    Respondents shall not effectuate petitioner's removal to Honduras or any other country or transfer her out of this judicial district unless they provide at least fourteen (14) days' advance written notice to petitioner, any counsel who has appeared for petitioner, and the Court;

(3)    If NIRP appears for petitioner, then all counsel shall meet and confer and file a Joint Status Report on or before May 18, 2026, concerning (i) the nature of petitioner's mental disorder or defect, (ii) the parties' respective positions about petitioner's competence, (iii) the status of removal proceedings, and (iv) whether petitioner should be allowed to amend her habeas petition to raise any new ground upon which she might be entitled to release from custody;

/ / /

ORDER - 4

(4)    If NIRP does not appear for petitioner, NIRP is requested to recommend an attorney who might have the requisite expertise and be willing to serve as appointed counsel for petitioner, and respondents are DIRECTED to file, under seal if appropriate, on or before May 18, 2026, a unilateral Status Report addressing the first and third topics in Paragraph 3, above, as well as copies of all written orders, transcripts of proceedings, and forensic competency evaluations relating to petitioner's mental disorder or defect, competency, and custody status;

(5)    The habeas petition and return, docket nos. 5 and 8, are RENOTED to May 18, 2026; and

(6)    The Clerk is directed to send a copy of this Order to all counsel of record, to petitioner pro se, and to Malou Chávez, Executive Director, and Matt Adams, Legal Director of the Northwest Immigrant Rights Project.

IT IS SO ORDERED.

Dated this 15th day of April, 2026.

_____
Thomas S. Zilly
United States District Judge

ORDER - 5